STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

IVOCLAR VIVADENT, INC.,

                        Plaintiff,

v.

                                                    Index No.  803302/2019

EMILY SEXTON and
THE ARGEN CORPORATION, INC.

                        Defendants.

## AFFIRMATION OF MELISSA N. SUBJECK IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

**MELISSA N. SUBJECK**, under the penalties of perjury and pursuant to CPLR 2106, affirms:

1.      I am an attorney licensed to practice in New York State and am a member of Hodgson Russ LLP, attorneys for Plaintiff Ivoclar Vivadent, Inc. ("Ivoclar").  I am fully familiar with the facts and circumstances of this matter, and I make this Affirmation in support of Plaintiff's Request for an Order to Show Cause, a Preliminary Injunction, and a Temporary Restraining Order.

2.      This action was commenced by Ivoclar's filing of a Summons and Complaint on March 18, 2019.  The Complaint asserts claims against defendants Emily Sexton and her current employer, The Argen Corporation, Inc. ("Argen"), arising out of Ms. Sexton's breaches of her contractual duties to Ivoclar, as set forth in Ms. Sexton's Memorandum of Agreement (the "Agreement"), and her common law duties to Ivoclar, her former employer.  The Complaint also asserts claims against Argen for inducing Ms. Sexton's breaches of the

Agreement and common law duties. A copy of the Summons and Complaint is attached as **Exhibit 1**.

3. Ivoclar's motion seeks to redress and prevent the unlawful use of Ivoclar's confidential information and the solicitation and servicing of its customers.

**Relevant Factual Background**

4. Ivoclar is a leading developer and supplier of dental products. Ivoclar markets, sells, and distributes its dental products, including professional laboratory products, such as ceramic restorations, dental alloys, and removable denture prosthetics, to its customers located worldwide.

5. Sexton is a former Ivoclar employee. She recently accepted an offer of employment from Argen, Ivoclar's direct competitor. Like Ivoclar, Argen is a developer and supplier of dental products, and promotes itself as the largest manufacturer of dental alloys in the world.

**Ivoclar's Attempts to Enforce Sexton's Contractual Obligations**

6. On February 26, 2019, on behalf of Ivoclar, I prepared a letter to Ms. Sexton reminding Ms. Sexton of her post-employment contractual obligations, and demanding that she: (1) immediately cease and desist her employment at Argen for a period of one year following her departure from Ivoclar; (2) return all Ivoclar confidential or trade secret information of any kind; and (3) provide a sworn statement attesting that she delivered or returned to Ivoclar all such confidential or trade secret information, records, and materials, and

that she has not retained any electronic or hard copies of same. A copy of my February 26, 2019 letter to Sexton is attached as **Exhibit 2**.

7. I requested a response to my letter by March 4, 2019. Sexton never responded to my letter.

8. On February 27, 2019, I sent a letter to Argen providing written notification of Sexton's continuing duties to Ivoclar, advising Argen of Sexton's continuing obligations not to use or disclose Ivoclar's confidential information and trade secrets, and formally demanding that Argen cease and desist from continuing to induce Sexton's breaches. Ms. Sexton was copied on this letter. A copy of my February 27, 2019 letter to Argen is attached as **Exhibit 3**.

9. On March 4, 2019, Argen's counsel confirmed in writing that Argen had received my letter. Argen's Counsel's March 4, 2019 letter is attached as **Exhibit 4**. Argen's counsel denied that Argen had relied on any Ivoclar confidential information and denied that Ms. Sexton had disclosed any such information to Argen. But Argen's counsel did not address Ms. Sexton's restrictive covenant, and neither Argen nor Ms. Sexton returned any information or documents to Ivoclar in response to Ivoclar's letters.

10. On March 7, 2019, I responded to Argen's counsel. I explained to counsel that Ms. Sexton ignored my February 26, 2019 letter and that Ms. Sexton had failed to provide the requested sworn statement. A copy of my March 7, 2019 letter is attached as **Exhibit 5**.

11. I further notified counsel that Ivoclar was in the process of examining Ms. Sexton's entire email account and her access to Ivoclar electronic information during her final

weeks of employment. I explained that, while Ivoclar's investigation is not complete, the company has already uncovered troubling information. For example, Ms. Sexton forwarded to her personal email account numerous reports containing confidential Ivoclar customer information on the very day that she provided notice to Ivoclar of her resignation. In doing so, she violated company policy and the Agreement.

12. In my March 7, 2019 letter, I also asked counsel to confirm that Ms. Sexton would be calling on the very same customers that she serviced while employed by Ivoclar, and again requested the Argen immediately cease and desist its employment of Ms. Sexton.

13. Following my March 7, 2019 letter, I engaged in both a telephone conference and email communications with Argen's counsel. While Argen's counsel indicated that Argen was "investigating" the matter, and understands the "seriousness" of the situation, counsel neither responded to my inquiry regarding the customers that Ms. Sexton was assigned by Argen, nor has counsel indicated that Argen will cease and desist from continuing to induce Ms. Sexton's breaches of the Agreement.

**WHEREFORE**, Ivoclar respectfully requests that this Court enter an Order granting Plaintiff a temporary restraining order, a preliminary injunction, and any such other and further relief as the Court deems just and proper.

Dated:      March 20, 2019

s/Melissa N. Subjeck  
Melissa N. Subjeck

15028921v2